IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LOUIS GONZALEZ, a/k/a
CARLOS RAMOS SANCHEZ,
A209 413 252
 Individually and on behalf of all
others similarly situated, Plaintiffs,

v.                                                              Case No. 5:20cv158 DCB-MTP

WARDEN SHAWN R. GILLIS,
UNIT MANAGER MR. JANUARY,
UNIT COUNSELOR D. PERRY,
UNIT COUNSELOR PERNELL,
CUSTODY OFFICER LEWIS,
CUSTODY OFFICER WOOD,
CUSTODY OFFICERS John Doe 1-8,
SARGENT JANE DOE,
LIEUTENANT JANE DOE,
         Defendants.

COMPLAIN UNDER THE CIVIL RIGHTS ACT
TITLE 42 SECTION 1983 U.S. CODE, AND 42 U.S.C. § 1331

I. PRELIMINARY STATEMENT

1.   This is an action brought by Plaintiff individually and on behalf of all others similarly situated, seeking declaratory and injunctive relief, compensatory damages, and punitive damages against the named Defendants that work for the Adams County Detention Center for violations of rights guaranteed under the Amendments to the United States Constitution and laws of the United States, and for personal injuries in violation of laws of the State of Mississippi.

2. Plaintiff contends that defendants' actions have the purpose and effect of establishing and perpetuating a pattern and practice of racial discrimination in the operation of the Adams County Detention Center violative of their constitutional and civil rights.

3. Therefore, Plaintiff and his class now seek injunctive relief, enjoining any action of defendants, which would result in terminating the discriminatory practices at the Adams County Detention Center. Plaintiff and his class also seek declaratory relief finding that defendant's actions constitute a deprivation of rights, privileges and immunities secured and protected by the First, Thirteenth and Fourteenth amendment to the United States Constitution, title VII, and 42 U.S.C. §§ 1981, 1983, and 1985. Plaintiff and his class also seek damages for violations of their rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985.

## II. JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1331, Thirteenth, Fourteenth, and Fifth Amendments to the United States Constitution.

5. Jurisdiction lies over state law claims based on supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

6. All the claims arose within the jurisdiction of this judicial district and involve Defendants who reside or operate within the jurisdiction boundaries. Venue is proper under 28 U.S.C. § 1391(b) and (c).

### III. PLAINTIFF

7. Plaintiff, Louis Gonzalez, a/k/a Carlos Ramos Sanchez is a Hispanic adult male detained at Adams County Detention Center under the direction of DHS/ICE. At all times relevant to this lawsuit, Plaintiff was acting in a lawful manner.

8. Also, Plaintiff is acting on behalf of the proposed class: "All Hispanic persons that have been detained and will be detained in this Adams County Detention Center".

### IV. CLASS ACTION ALLEGATIONS

9. The named Plaintiff brings this action in his own behalf and on behalf of all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. This action is a proper class action in that:

(a) The members of the class are so numerous as to include all Hispanic persons that have been detained and will be detained in this Adams County Detention Center. The size of the class is unknown at the present time, but it is believed to number in the hundreds and perhaps thousands. The joinder of all plaintiffs is impracticable.

(b) There are questions of law and fact common to the class, and the claims of the representative party is typical of the claims of the class. While there may be minor factual differences as to the actions against different class members, the discriminating actions to each class member is due to specific courses of action on the part of defendants. The legal issues common to the members of the class may be stated as follows: Is the defendants' course of action in discriminating Hispanic people against other Black detainees.

(c) The representative party will fairly and adequately represent and protect the interests of all members of the class in that they are adversely affected by defendants' actions. Plaintiff will seek from the court, and it will be up to the court, to provide

adequate counsel representation by an experienced lawyer in litigating discrimination and civil rights violation issues.

(d) In addition, the defendants and their agents have acted on grounds generally applicable to the class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

(e) Also, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## V. DEFENDANTS

10. Defendant Warden of the Adams County Detention Center, Shawn R. Gillis, is the Adams County Detention Center's chief policy maker. The warden, Shawn R. Gillis, is being sued in his individual and official capacities. At all time relevant to this action, the warden was acting under the color of state law as the warden of the Adams County Detention Center. Respondent Shawn R. Gillis' office is located at Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

11. Defendant Unit Manager of Housing Unit S of Adams County Detention Center, Mr. January, is the Adams County Detention Center's Manager of Unit S in charge of the administration and daily operation of such unit S. The Unit Manager, Mr. January, is being sued in his individual and official capacities. At all time relevant to this action, the Unit Manager was acting under the color of state law as the Unit Manager of Unit S of the Adams County Detention Center. Respondent Mr. January's office is located at Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

12. Defendant Unit Counselor of the Adams County Detention Center pod A, D. Perry, is an Adams County Detention Center's counselor in charge of administrative

and operational functions as assignment of jobs and others responsibilities. The counselor, D. Perry, is being sued in her individual and official capacities. At all time relevant to this action, the Unit Counselor was acting under the color of state law as the Unit Counselor of the Adams County Detention Center pod A. Respondent D. Perry's office is located at Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

13.  Defendant Unit Counselor of the Adams County Detention Center pod C, Pernell, is an Adams County Detention Center's counselor in charge of administrative and operational functions as assignment of jobs and others responsibilities. The counselor, Pernell, is being sued in her individual and official capacities. At all time relevant to this action, the Unit Counselor was acting under the color of state law as the Unit Counselor of the Adams County Detention Center pod C. Respondent Pernell's office is located at Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

14.  Defendant Custody Officer of the Adams County Detention Center, Lewis, is an Adams County Detention Center's custody officer in charge of operational and safety of detainees. The custody officer, Lewis, is being sued in her individual and official capacities. At all time relevant to this action, the Custody Officer was acting under the color of state law as a custody officer of the Adams County Detention Center at Unit S. Respondent Lewis' work address is Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

15.  Defendant Custody Officer of the Adams County Detention Center, Wood, is an Adams County Detention Center's custody officer in charge of operational and safety of detainees. The custody officer, Wood, is being sued in his individual and official capacities. At all time relevant to this action, the Custody Officer was acting under the

color of state law as a custody officer of the Adams County Detention Center at Unit S. Respondent Wood's work address is Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

16. Defendant Custody Officers of the Adams County Detention Center, Officers John Doe 1-8, are Adams County Detention Center's custody officers in charge of operational and safety of detainees. The custody officers, John Does 1-8, are being sued in their individual and official capacities. At all time relevant to this action, the Custody Officers were acting under the color of state law as a custody officers of the Adams County Detention Center. Respondent Officers John Doe's work address is Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

17. Defendant Sargent of the Adams County Detention Center, Jane Doe, is an Adams County Detention Center's Sargent in charge of operational command duties and the safety of detainees. The Sargent Jane Doe, is being sued in her individual and official capacities. At all time relevant to this action, the Sargent was acting under the color of state law as a Sargent of the Adams County Detention Center. Respondent Sargent Jane Doe's work address is Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

18. Defendant Lieutenant of the Adams County Detention Center, Jane Doe, is an Adams County Detention Center's Lieutenant in charge of operational command and the safety of detainees. The Lieutenant Jane Doe, is being sued in her individual and official capacities. At all time relevant to this action, the Lieutenant was acting under the color of state law as a Lieutenant of the Adams County Detention Center. Respondent Lieutenant Jane Doe's work address is Adams County Detention Center, 20 Hobo Fork Road, Natchez, MS 39120.

Plaintiff will add latter the names of the Sargent and Lieutenant defendants.

## VI. STATEMENT OF FACTS

19. Plaintiff is a member of a Hispanic Group of People housed at the Housing Unit S, pod A, of the Adams County Detention Center located at 20 Hobo Fork Road, Natchez Mississippi 39120, under DHS/ICE directions.

20. The Adams County Detention Center has a contract with DHS/ICE to house aliens as Plaintiff in deportation proceedings.

21. Plaintiff and members of his class have experienced discrimination from Defendants at this detention center due to their Spanish heritage.

22. Every Defendant included in this action is of Black American race.

23. Every Hispanic person, has his own account about the discrimination that he has experienced which will be detailed in respective affidavits, but there are some discriminatory situations that are common to all of the members of the class which Plaintiff will detail as follows:

24. (1) The detention center for some reason allow detainees to keep for their personal use, remote-controls for the seven televisions that are installed inside of the pod. Of those seven TVs only two are assigned to the Hispanic people, even when there always are more than 40% of Hispanic people at the pod.

25. There are like seven to nine remote-control in hands of the detainees. Before a check down that was conducted on or around June 10, 2020, everything was OK so far, since the Hispanic people had three remote-controls for use on the TVs.

26. After the check down, all of the remote-controls were given to one Black person only, who gave those controls to other black people, so the Hispanic people did not have remote-controls for the TVs.

27. Plaintiff and other three Hispanic detainees went to request a remote-control from the Unit Manager. The Unit Manager told them that he was going to get all the remote-controls back, and he was going to split them in a fairly way. He never did.

28. The Black persons housed at the pod are between Africans, Jamaicans, Haitian, and Trinidad & Tobago, like 40% of the population housed at the pod A. There are Brazilians, Asians, one Iranian, one Israelite.

29. However, the discrimination is not about how many remote controls the Hispanic people were given to have, what make it discriminatory is the fact that all the remote-controls were given to one Black person only, so he may have the power to decide to who he give the remote-controls. Consequently all the remote-controls ended in Black persons' hands. This complain is about preferential treatment that amount to discrimination of one group against other.

30. (2) It is the same with the bottles of disinfectant that everybody use to clean up the toilets and floor of their cells. Each day, all of those bottles of chemicals are given to the same Black person that were given the remote-controls, to hold them in his cell.

31. Plaintiff and others that do not feel like they want to go to humiliate to this Black guy and request to allow them to use some disinfectant to clean up their cells, do not get chemical disinfectant no more, so they cannot disinfect their cell anymore.

32. This Black man has been given a lot of power by the unit officials. Why the disinfectants and the remotes were not given to the custody officers to hold them, and let people use them after they have left their ID, as it is done in other detentions.

33. (3) There was allegedly a fight between two Hispanic people. Three days after the alleged incident, they were investigated and sent to segregation for twelve days, and then, after the segregation, one of them was removed to the pod C.

34. Black people for a fights are sent to segregation for five days only, and then, they come back to the same pod, even when those Black persons have a propensity to violence, which is shown by the several fights they are involved.

35. Several days ago, two of this Black people assaulted one Hispanic person. The person they assaulted went to segregation together with them. Five days latter, the Black persons came back to the same pod, but the Hispanic never came back and he stay in segregation. This two Black guys received five days for the Assault. In any other detention, they could had been prosecuted in a criminal court for such assault. People in this detention, are civil detainees, criminal assaults are supposed to be prosecuted in the same way as if the person is free from detention and into society.

36. The same Black guys that assaulted the Hispanic person, recently got into a fight, they were sent to segregation, and five days later, they were back to the same pod.

37. There is one Black guy, that since Plaintiff has been in this detention he has gone to segregation three times for fights, and he has always came back after five days of segregation, to the same pod.  It is evident the difference in the treatment between Blacks and Hispanic, Hispanics receive the maximum punishment while Blacks receive the minimum.

38. (4) Also, when Hispanic people are returned to the same pod, after they have gone to segregation for a fight, they are removed from their assigned paying-job at the pod. That is the case of Pinto-Coronado that after he went to segregation, and he was returned to the same pod, he was removed from his assigned paying job. But, when a Black person goes to segregation, and then come back to the same pod, he is not removed from his assigned paying-job, he keep it. Hispanic people has the right to be treated without discrimination, in the same way as a Black person is treated in this detention center.

39. The counselors are in charge of the assignment of jobs at each pod respectively, also, counselors are in charge to provide the chemicals used for daily cleaning.

40. (5) Sometimes when there is some extra food that is left over, the custody officers give it to the detainees, but always when there has been some decent food like chicken—chicken is the only decent food served here—the custody officers (which are always Black officers) take that food into the play room that is locate in the unit, and give it to Black people only. One day a fight broke between the Black guys for that chicken.

41. Some other facts as relevant alleging discrimination have been fully set forth in the accompanying affidavits from Plaintiff and other Hispanic detainees.

## VII. CLAIMS FOR RELIEF

### COUNT 1. VIOLATION OF 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3); CONSPIRACY TO DENY A EQUAL RIGHT UNDER THE LAW

42. Plaintiff incorporates by reference Paragraphs 1 through 41 of this complain, as fully set forth here.

43. The aforesaid actions and failures to act of defendant members constitute an intentional unlawful and unconstitutional conspiracy to deprive plaintiff and his class of their constitutional rights secured by the Fourteenth Amendment, in violation of 42 U.S.C. § 1985(3).

## COUNT 2. VIOLATION OF FOURTEENTH AMENDMENT
## EQUAL PROTECTION CLAUSE

44. Plaintiff incorporates by reference Paragraphs 1 through 43 of this complain, as fully set forth here.

45. The aforesaid actions and failures to act of defendant members constitute intentional, unlawful and unconstitutional racial discrimination by the defendants in violation of Plaintiff and his class' constitutional right to equal right under the law, secured to plaintiff and his class, by the fourteenth amendment.

## COUNT 3. VIOLATION OF FIRST AMENDMENT
## INTENTIONAL RACIAL DISCRIMINATION

46. Plaintiff incorporates by reference Paragraphs 1 through 45 of this complain, as fully set forth here.

47. The aforesaid actions and failures to act of defendant members constitute intentional, unlawful and unconstitutional racial discrimination by the defendants in violation of their constitutional right to freedom of association, secured by the first amendment.

## COUNT 4. VIOLATION OF 42 U.S.C. § 1983, and 42 U.S.C. § 1981;
## EMPLOYMENT TERMINATION BY RACIAL DISCRIMINATION

48. Plaintiff incorporates by reference Paragraphs 1 through 47 of this complain, as fully set forth here.

49. The aforesaid actions and failures to act of defendant members constitute intentional, unlawful and unconstitutional racial discrimination by the defendants in violation of the right to contract, and equality on employment secured to plaintiff and his class under the First Amendment.

### COUNT 5. VIOLATION OF 42 U.S.C. § 1983,
### FAILURE TO TRAIN, SUPERVISE, AUDIT AND DISCIPLINE

50. Plaintiff incorporates by reference Paragraphs 1 through 49 of this complain, as fully set forth here.

51. Defendants warden and assistant warden have failed to and were deliberately indifferent to the need to properly train, supervise, audit, and discipline all the individually named defendants under their command including in areas of racial and minority relations and referent to discrimination.

52. Defendants warden and assistant warden have failed to and were deliberately indifferent to the need to properly train, supervise, audit, and discipline all the individually named defendants under their command, in areas involving detainees' First, Fifth, and Fourteenth constitutional rights.

53. As a direct and proximate cause of acts, conduct and omissions by defendants, Plaintiff and his class have suffered and continues to suffer great pain, including mental anguish and stress.

### COUNT 6. VIOLATION OF FIFTH AMENDMENT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff incorporates by reference Paragraphs 1 through 53 of this complain, as fully set forth here.

55. The aforesaid actions and failures to act of defendant members done, intentionally, maliciously, and done for the purpose of causing Plaintiff, and the class he represent, to suffer mental anguish and stress, and Defendants' conduct in discriminating upon Plaintiff and his class, was done with acknowledge that Plaintiff and others would suffer emotional distress, that has contributed to cause sores on one

side of Plaintiff's face, rash on his back, and have worsened the pain on his lower back and legs provoking Plaintiff to fall and hurt himself, and has induce him to a depressive state, and it was done with a wanton and reckless disregard of the consequences to the plaintiff and any other similarly situated persons.

## VIII. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff and his class respectfully pray that this Court:

56. Accept jurisdiction over this action.

57. Determine this action to be proper Rule 23(a), 23(b)2 class action.

58. Order that Plaintiff may maintain this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. Declare that the practices, acts, procedures, and policies of defendants challenged are unconstitutional, unlawful, and invalid.

60. And that as a result of all acts, conduct and omissions committed under the color of federal and State law in the form of custom, policies, and practices, failure to train, audit, supervise, and discipline, and intentional acts maliciously, intentionally, and willfully committed against Plaintiff's person and the class he represent, Plaintiff has suffered harms, including but not limited to humiliation, pain, emotional distress, anger and frustration, economic loss, loss of liberty, and violations of his, and the class he represent, constitutional rights.

61. On all Counts and Claims for relief, Plaintiff and his class demand judgment in their favor and declaratory relief in the form of a declaration that the actions and conduct of all the defendants constitute a deprivation of rights, privileges and immunities secured and protected by the first, thirteenth and fourteenth amendment

to the United States Constitution, title VII, as amended, and in violation of 42 U.S.C. § 1981, § 1983; and § 1985 as well as the First, Fourteenth and Fifth Amendment to the United States Constitution.

62. On all Counts and Claims for relief, Plaintiff demand judgment in his favor and the issue of preliminary and permanent injunctive and mandatory relief which would result in terminating the discriminatory practices at the Adams County Detention Center requiring the defendants and their agents, employees, and successors in office to refrain from every and all racial discriminatory behavior and to stop any preferential treatment based on race, or based on a facial discrimination or any superfluous racial misconception.

63. On all Counts and Claim for Relief, Plaintiff demand judgment in his favor and to award damages, jointly and severally, in an amount that the jury and this Court deems proper.

64. On all Counts and Claims for Relief, plaintiffs demand judgment in his favor, and to award punitive damages, against each defendant according to the findings of the jury, due to the malicious, willful, oppressive, outrageous, and unjustifiable actions and conduct of all Defendants.

65. On all Counts and Claims for Relief, Plaintiffs demand judgment in his favor and reasonable attorney's fees and interest pursuant to 28 U.S.C. § 1920, 28 U.S.C. § 1961, 28 U.S.C. § 1988 et seq.

66. On all Counts and Claims for Relief, Plaintiffs demand judgment in his favor and any other relief the Court may deem appropriate and just, and otherwise in the interest of justice.

67. Plaintiff and his class seek assignment of counsel, and leave to name additional defendants and to introduce the name of additional Plaintiffs in this class action.

## IX. EQUITY

68. The participation of defendants to allow and exercise discrimination will, if not enjoined, perpetuate the discrimination toward Hispanic people at this Adams County Detention Center.

69. Plaintiff and his class have no plain, speedy or adequate remedy at law for redress of the aforesaid violations by defendants, and suffer and will continue to suffer irreparable harm and injury by reason of defendant's actions and failures to act, if such actions and failures to act are not enjoined. Specifically, Plaintiff and several other members of his class, will be discriminated permanently while in detention by defendants and the preferential treatment will be perpetuated.

## X. DEMAND FOR JURY TRIAL

70. On all facts and claims asserted, plaintiff demand a trial by jury.

Dated: 07/20/2020

CERTIFICATION

By signing this Complain, I certify that the facts stated in this Complain are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 20th day of July, 2020.

_____
Louis Gonzalez, a/k/a
Carlos Ramos Sanchez
A209-413-252
P.O. Box 1600
Washington, MS 39190