# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LOUIS GONZALEZ, A#209-413-252**                                                          **PLAINTIFF**
*also known as* **Carlos Ramos Sanchez**

**VERSUS**                                        **CIVIL ACTION NO.: 5:20-CV-158-DCB-MTP**

**WARDEN SHAWN R. GILLIS, ET AL.**                                                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Complaint [1] of Louis Gonzalez who is proceeding *pro se* and *in forma pauperis*. As Plaintiff is proceeding in this action *in forma pauperis*, the Court must screen his complaint under 28 U.S.C. § 1915(e)(2): "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." [1] 28 U.S.C. § 1915(e)(2).

Plaintiff is an immigration detainee complaining about the conditions of his confinement at the Adams County Detention Center ("ACDC") in Natchez, Mississippi. He seeks relief, not only for himself, but for other similarly situated detainees. Plaintiff complains over what he believes to be an unfair distribution of television remote controls, cleaning supplies, and extra leftover food such as chicken. [1] at 7-10. He asserts claims of racial discrimination, violation of equal protection, violation of the "constitutional right to freedom of association," "violation of the right to contract, and equality on employment secured to plaintiff and his class under the First

---

[1] The screening requirement applies whether the plaintiff is a prisoner or a non-prisoner. *Walters v. Scott*, 2014 WL 5578494 at *2 (S.D. Tex. Nov. 11, 2014) (citing *Newsome v. Equal Employment Opportunity Comm.*, 301 F.3d 227, 231-33 (5th Cir. 2002)).

Amendment," and intentional infliction of emotional distress. *Id*. at 10-13. Plaintiff's general assertion is that black detainees are treated better than Hispanic detainees at ACDC.

Though Plaintiff asserts he is bringing this action on behalf of a class, he also attempts to bring certain individual claims. He alleges he has suffered from emotional distress and developed sores on his face, a rash on his back, and depression. *Id*. at 12-13. Plaintiff does not allege that other detainees have similar rashes or sores. *Id*. In one paragraph, Plaintiff attempts to bring claims of discrimination on behalf of a fellow detainee he refers to as "Pinto-Coronado," who he claims went to segregation after being involved in a fight and lost his job as a result. *Id*. at 9. Plaintiff does not allege that he has personally lost a job or that all Hispanic people detained at ACDC have lost their jobs under similar circumstances. *Id*.

All class actions must meet the requirements both of subsections (a) and (b) of Rule 23 of the Federal Rules of Civil Procedure.[2] *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 471 (5th Cir. 1986). The burden of establishing that these prerequisites can be met lies with the plaintiff. *Fleming v. Travenol Labs., Inc.*, 707 F.2d 829, 832 (5th Cir. 1983). To obtain class certification, plaintiffs must demonstrate numerosity, commonality, typicality, and adequacy of representation. *See Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007). For a plaintiff to demonstrate adequacy of representation, he must show that he "will fairly and adequately protect

---

[2]   Rule 23(a) sets forth the following prerequisites that must be met in order to bring a class action: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."
     Rule 23(b) provides additional requirements: that prosecuting separate actions would either create a risk of inconsistent adjudications or adjudications that would impair non-parties' abilities to protect their interests, or the party opposing the class has acted or refused to act on grounds that apply generally to the class, or that common questions of law or fact predominate and a class action is superior to other methods "for fairly and efficiently adjudicating the controversy."

the interests of the class." Fed. R. Civ. P. 23(a). All of the prerequisites set forth in Rule 23(a) must be met in order for a class action to be certified. *Id*.

Plaintiff has failed to meet all of Rule 23's requirements. If the class were allowed to proceed, Plaintiff identifies the proposed class as "all Hispanic persons that have been detained and will be detained [at ACDC]…[t]he size of the class is unknown at the present time, but it is believed to number in the hundreds and perhaps thousands." *See* [1] at 3. This number of potential plaintiffs satisfies Rule 23(a)(1)'s requirement that the class "be so numerous that joinder of all members is impracticable." However, ACDC houses detainees in Immigration and Customs Enforcement ("ICE") custody, many of whom are under a final order of deportation and could be subject to removal at any time, including Plaintiff.[3]

The Fifth Circuit has noted, "the court may take into account outside entanglements that render it likely that the [class] representative may disregard the interests of the other class members." *Blum v. Morgan Guarantee Trust Co. of New York*, 539 F.2d 1388, 1390 (5th Cir. 1976). This holding has been interpreted to include "possible deportation" where the class representative would be removed from the country and unable to come back to participate effectively in the lawsuit. *See Hagen v. City of Winnemucca*, 108 F.R.D. 61, 65 (D. Nev. 1985). Plaintiff faces possible deportation from the country, which would sufficiently interfere with his ability to fairly and adequately protect the interests of the detainees in his purported class.

Plaintiff has also failed to show that his representation as a *pro se* plaintiff sufficiently protects class members. The Fifth Circuit held that "in federal court, a party can represent himself or be represented by an attorney but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). "It is also well-settled that *pro se* litigants, such as

---

[3] https://www.ice.gov/detention-facility/adams-county-detention-center (last visited Nov. 4, 2020).

[Plaintiff], cannot adequately represent the interests of a putative class or appear as class representatives." *Lindsey v. Aycox*, No. 1:14-cv-260-LG-JCG, 2015 WL 13650950, at *1 (S.D. Miss. Jan. 7, 215); *see also Hennessy v. Blalack*, 35 F.3d 561, *1 (5th Cir. 1994).

Plaintiff is not an attorney and may only represent himself in this court. Though Plaintiff moved under Rule 23(g) for appointment of counsel, the Court denied his request finding no "exceptional circumstances" were presented by Plaintiff to warrant appointment of counsel in his civil case. *See* [4] at 2; *see also* Order [8]. As a *pro se* litigant who is subject to deportation, Plaintiff is not an adequate class representative and is not positioned to protect the interests of a class.

Plaintiff must also meet the commonality and typicality requirements of Rule 23. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury'…[t]heir claims must depend upon a common contention…of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). Common questions of fact must have the capacity to generate common answers in order to fulfill the commonality requirement discussed in *Wal-Mart*. The test for typicality focuses on how similar the named plaintiff's legal theory is to the theories of those whom they represent." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999).

As noted above, Plaintiff alleges that emotional distress caused rashes on his body but does not make any allegations that other detainees are suffering similar rashes. *See* [1] at 12-13. Additionally, Plaintiff asserts claims for a fellow detainee's job loss and the "right to contract" but does not assert that the same thing happened to him or to the other class members. *Id*. at 9 and 11. Because Plaintiff asserts different injuries and legal theories of recovery for the

purported class members, Plaintiff fails to meet the commonality and typicality requirements of Rule 23.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends dismissal of all class allegations and that Plaintiff be directed to amend his complaint to include only claims that he asserts against Defendants on his own behalf. If this Report and Recommendation is adopted, Plaintiff should be instructed to file an amendment to his Complaint [1] within 21 days of the district judge's ruling.

Plaintiff has also filed a Motion for a Preliminary Injunction and for Advancement and Consolidation of Trial [5]. The motion seeks injunctive relief on behalf of Plaintiff and the purported class. Should this Report and Recommendation be adopted, Plaintiff's Motion [5] should also be denied. Until the class allegations are resolved and Plaintiff has identified the claims he asserts on his own behalf, the motion is premature.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 5th day of November, 2020.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE