## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**LOUIS GONZALEZ, A#209-413-252**  **PLAINTIFF**
*also known as* **Carlos Ramos Sanchez**

**v.**  **CIVIL ACTION NO.: 5:20-cv-158-DCB-MTP**

**WARDEN SHAWN R. GILLIS, ET AL.**  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion to Dismiss, or in the Alternative, for a More Definite Statement [37] filed by Defendants Shawn R. Gillis, Joseph January, Tatyana Lewis, Cynthia Pernell, and Randy Woods, Jr, and the Joinder in Motion to Dismiss, or in the Alternative, for More Definite Statement [40] filed by Unknown Blanson, Unknown Brown, Unknown Norman, and Unknown Wells. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion to Dismiss be granted, and that the Complaint be dismissed with prejudice.

### BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an alien in the custody of U.S. Immigration and Customs Enforcement ("ICE") who at the time of the events alleged in his Complaint [1] was detained at Adams County Correctional Center ("ACCC").[1] *See* [1] at 3. Plaintiff has filed five suits in the Southern District of Mississippi since April of 2020, all complaining of various alleged deprivations of his constitutional rights.[2] Plaintiff also previously

---

[1] Since the time of filing, Plaintiff has been transferred to a different facility. *See* Change of Address [43].

[2] *Gonzalez v. Wingate et al*, 5:20-cv-125 SA-DAS (S.D. Miss. filed Apr. 30, 2020)(alleging deprivation of constitutional rights against 14 judges in the Southern District of Mississippi along with the clerk of court); *Gonzalez v. Gillis et al*, 5:20-cv-104-DCB-MTP (S.D. Miss. filed April 16, 2020) (alleging denial of access to courts); *Gonzalez v. Gillis et al*, 5:20-cv-186-TBM-

filed a petition for writ of habeas corpus which was denied by this Court. An appeal is pending before the Fifth Circuit.[3]

On July 29, 2020, Plaintiff filed his Complaint [1] alleging that his constitutional rights were violated while he was detained at ACCC. Plaintiff asserts many instances of alleged injustices including that he believes there is an unfair distribution of television remote controls, cleaning supplies, and extra leftover food such as chicken. *See* [1] at 7-10. Plaintiff also attempts to assert claims of racial discrimination, violation of equal protection, violation of the constitutional right to freedom of association, violation of the right to contract,[4] violation of employment equality secured to plaintiff under the First Amendment, and intentional infliction of emotional distress. *Id*. at 10-13. He generally asserts that black detainees at ACCC are treated better than Hispanic detainees.

Plaintiff's Complaint [1] purported to bring a class action on behalf of all Hispanic detainees at ACCC. As a *pro se* detainee, Plaintiff is not in a position to represent a class, and the Court ordered Plaintiff to amend his pleadings to remove any class action allegations. *See* Order 32. On January 11, 2021, Plaintiff filed his Amended Complaint [24]. While it is substantially the same as his initial Complaint [1], Plaintiff added four employees of ACCC as Defendants. *See* [34] at 3-5.

---

MTP (S.D. Miss. filed Sep. 25, 2020)(alleging constitutional violations at ACCC due to the COVID-19 pandemic); *Gonzalez v. Gillis et al*, 5:21-cv-30-DCB-LGI (S.D. Miss. filed Mar. 16, 2021)(alleging violation of his constitutional rights by ACCC).

[3] *See Gonzalez v. Kolitwenzew et al*, 5:19-cv-108-DCB-MTP (decided Jun. 3, 2020 S.D. Miss.), appeal docketed, No. 20-60547 (5th Cir. Sep. 21, 2020).

[4] Plaintiff mentions in his "Claims for Relief" that Defendants have violated 42 U.S.C. § 1981. Section 1981 provides a "federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454 (1975). Plaintiff does not allege any facts that support a claim under § 1981 and admits the same. *See* [42] at 7.

On February 1, 2021, Defendants filed their Motion to Dismiss, or in the Alternative, for a More Definite Statement [38].[5] In the Motion, Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted, and that this action should be dismissed. Plaintiff filed his Response [42], and this matter is now ripe for review.

**ANALYSIS**

Requests for Injunctive Relief

In his Amended Complaint [34], Plaintiff requests injunctive relief. On May 3, 2021, Plaintiff filed a notice with the Court that he was transferred to a detention center in Gadsden, Alabama. *See* [43]. The transfer of a prisoner from an allegedly offending institution generally renders his claims for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Stern v. Hinds Cty., Miss.*, 436 F. App'x 381, 382 (5th Cir. 2011) (applying the same logic to a pretrial detainee). In order for Plaintiff's claims for injunctive relief to remain viable, he must establish a "demonstrated probability" or a "reasonable expectation" that he will be transferred back to ACCC. *Id.*; *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that "any suggestion of relief based on the possibility of transfer back ... is too speculative to warrant relief").

Nothing in the record suggests that Plaintiff may be transferred back to ACCC. Thus, Plaintiff's claims for injunctive relief should be dismissed as moot.

Plaintiff's § 1983 Claims

Because Plaintiff's claims for injunctive relief should be denied as moot as a result of his transfer, the only remaining claims are those for monetary damages. Plaintiff requests an

---

[5] The Motion [40] was originally filed on behalf of Defendants Shawn R. Gillis, Joseph January, Tatyana Lewis, Cynthia Pernell, and Randy Woods Jr. On April 7, 2021, Defendants Unknown Blanson, Unknown Norman, and Unknown Wells moved for joinder in the motion. *See* [40].

undisclosed amount of damages as well as punitive damages and attorney's fees. *See* [34] at 27-28. Plaintiff asserts that his claims arise under 42 U.S.C. § 1983. *See* [1] at 1.

Section 1983 allows for a civil action to be brought against state actors for constitutional violations. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). However, Plaintiff has not named any state actors in this action. All of the named Defendants are employees at a private facility where Plaintiff was detained while in federal custody. With no state actors involved, Plaintiff's claims fail under 1983. However, a *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983 but allows plaintiffs to pursue claims, in limited instances, against federal actors. *Id*. The undersigned will, therefore, construe Plaintiff's claim as one under *Bivens*.

*Bivens* Claims

While *Bivens* is the federal version a §1983 claim, it does not apply to all of the same activities. The U.S. Supreme Court has only recognized three implied remedies under the Constitution against federal actors: for violations of the prohibition against unreasonable search and seizures, to provide a damage remedy for gender discrimination by a Congressman against his employee, and for failure to provide adequate medical treatment under the Eighth Amendment's cruel and unusual punishment clause. *See Ziglar*, 137 S. Ct. at 1855 (2017). Expansion of the *Bivens* remedy is a "disfavored" judicial activity, and the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Id*. at 1857.

All of the named Defendants are employees of ACCC, and Plaintiff named all of them in both their official and individual capacities. In their official capacities, the Defendants are representatives of ACCC, and the Supreme Court has declined to extend *Bivens* to lawsuits against private entities acting under color of federal law. *See Corr. Sers. Corp. v. Malesko*, 534

4

U.S. 61, 63 (2001); *see also Marsaw v. Thompson*, 133 F. App'x 946, 948 (5th Cir. 2005) ("[T]here is no implied right of action, pursuant to *Bivens*, for damages against private entities… that engage in constitutional deprivations while acting under color of federal law."). Likewise, the Supreme Court has refused to extend *Bivens* liability to allow federal prisoners to sue employees of a privately operated prison. *See Minneci v. Pollard*, 132 S.Ct. 617 (2012) (refusing to extend the *Bivens* remedy to Eighth Amendment violations against personnel at a privately owned prison).

The Supreme Court has not recognized a cause of action under *Bivens* against employees of a privately owned prison, and expansion of *Bivens* is a disfavored judicial activity. As Plaintiff's claims are not cognizable under § 1983 or *Bivens*, they should be dismissed.

<u>Claims on Behalf of Other Detainees</u>

In his initial Complaint [1], Plaintiff purported that he was bringing a class action on behalf of all Hispanic detainees housed at ACCC. The Court denied Plaintiff's request for class certification and directed Plaintiff to amend his complaint to assert only claims he asserts against the Defendants on his own behalf. *See* Order [32]. Despite the Court's order, Plaintiff's Amended Complaint [34] contains numerous references to incidents involving other detainees where Plaintiff was not involved. *See* [34] at 7, 8, 11-12, 16.

On January 21, 2021, Plaintiff filed a document titled "Exhibits Related to the Amended Complain [sic] Under the Civil Rights Act Title 42 Section 1983 U.S. Code" [36]. The purported exhibits include documents titled "GRIEVANCE" and "Sworn Affidavit" none of which are signed or notarized and some of which are from detainees identified only as "John Doe." The events described by Plaintiff are the same as those contained in his Amended Complaint [34].

5

Some of the documents purport to be statements from other detainees alleging various acts of discrimination by ACCC staff. *See* [36-5] [36-6] [36-7] [36-8] [36-9].

The Fifth Circuit held that "in federal court, a party can represent himself or be represented by an attorney but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). Plaintiff is not an attorney and has already been advised that he may only represent himself in this Court. As such, the claims Plaintiff asserts against Defendants on behalf of other detainees should be dismissed.

Conspiracy Claims

Plaintiff also asserts that Defendants have conspired "to deprive plaintiff and other Hispanic detainees of their constitutional rights" in violation of 42 U.S.C. § 1985(3). [34] at 24.

In order for a plaintiff to recover under 42 U.S.C. § 1985(3) he must show:

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. In so doing the plaintiff must show that the conspiracy was motivated by a class-based animus.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994). The Fifth Circuit requires that the conspirators under § 1985(3) be motivated by race. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002). "Conspiracy requires an agreement- and in particular an agreement to do an unlawful act- between or among two or more separate persons." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1867 (2017). "[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff must plead "enough facts to state a claim for relief that is plausible on its face" that nudges his claims "across the line from conceivable to plausible." *Id*. at 570. "Section 1985, however, does not itself provide

substantive rights. The rights sought to be vindicated must be found elsewhere." *Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir. 1989).

Plaintiff has stated that the Defendants have conspired against him and all Hispanic people to violate his constitutional rights, however, he points to no particular agreement or purported agreement that was made to this effect. After Defendants filed their Motion to Dismiss [37], Plaintiff filed a response indicating that when Plaintiff requested toilet paper and was denied for two hours, the reaction of the Defendants shows that there was "concerted action." *See* [34] at 10-11; [42] at 6. Plaintiff requested toilet paper around 4:00PM and Defendant Lewis said she did not have toilet paper. *See* [34] at 10. He then states that she told Defendant Wood to get him toilet paper from Defendant Pernell. *Id*. An hour later, Plaintiff asserts that he asked for toilet paper again and that the "officers told him that the counselor of the other pod did not want to give him the toilet paper because he must had [sic] asked the counsel of pod A−Ms. Perry− about the toilet paper." Plaintiff then claims that a Black detainee told him that the counselors were lying about the lack of toilet paper, and that he was forced to cut up a shirt and use it for toilet paper. Plaintiff stated that he asked for toilet paper at 6:00 PM and received it.

This sequence of events does not satisfy the pleading requirements of a race-based conspiracy. Plaintiff also alleges parallel conduct, outlines various perceived slights, and argues that "if those actions are persisting, it is due to some agreement…." *See* [42] at 6. However, allegations of parallel conduct and Plaintiff's bare assertion that a conspiracy existed do not meet the pleadings standards required under 42 U.S.C. § 1985(3). *See Twombly*, 550 U.S. at 556. Moreover, even if there were a conspiracy, §1985 does not provide substantive rights to Plaintiff. *See Wong*, 881 F.2d at 203. Plaintiff's allegation of a temporary deprivation of toilet paper and other perceived slights do not rise to the level of a constitutional violation, and Plaintiff does not

7

identify another source of substantive rights violated by the alleged conspiracy. Plaintiff's conspiracy claim should be dismissed.

<u>Intentional Infliction of Emotional Distress</u>

Intentional infliction of emotional distress is a state tort claim. *See Williams v. Gulfport School Dist.*, No. 1:14CV417-HSO-JCG, 2015 WL 4430922, at *2-3 (S.D. Miss. July 17, 2015) (discussing the elements for a party to successfully assert a claim of intentional infliction of emotional distress). In order to assert such a claim in Mississippi, Plaintiff must show that: "(1) the defendant acted willfully or wantonly towards the plaintiff by committing certain described actions; (2) the defendant's acts are ones which evoke outrage or revulsion in civilized society; (3) the acts were directed at or intended to cause harm to the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the defendant's acts; and (5) such resulting emotional distress was foreseeable from the intentional acts of the defendant." *Smith v. City of McComb, Mississippi*, No. 5:15-CV-55-DCB-MTP, 2017 WL 3687334, at *6 (S.D. Miss. Aug. 25, 2017) (citing *Rainer v. Wal-Mart Associates, Inc.*, 119 So. 3d 398, 403 (Miss. Ct. App. 2013). However, "[m]eeting the requisite elements for intentional infliction of emotional distress is a tall order in Mississippi." *Jenkins v. City of Grenada*, 813 F. Supp. 443, 446 (N.D. Miss. 1993).

The severity of the acts must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *White v. Walker*, 950 F.2d 972, 978 (5th Cir. 1991) (quoting Restatement (Second) of Torts § 46 cmt. D. (1965)). "[L]iability will not extend to insults, indignities, threats, annoyances, petty oppression, or other trivialities." *McRaney v. N. Am. Mission Bd. of S. Baptist Convention, Inc.*, 304 F. Supp. 3d 514, 524 (N.D. Miss. 2018). "[I]t

is the nature of the act itself – as opposed to the seriousness of the consequences – which gives impetus to legal redress…." *Harris v. Maximus, Inc.*, 2020 WL 3980205, at *2 (S.D. Miss. July 14, 2020) (quoting *Bowden v. Young*, 120 So.3d 971, 976 (Miss. 2013)).

Throughout the thirty-page Amended Complaint [34], Plaintiff references many incidents that he alleges caused him emotional distress including: an incident where Plaintiff attempted to grab an extra meal tray so that he could have cake with his coffee and was yelled at and verbally insulted ([34] at 13-14); another food incident involving meals for Muslim people in which Plaintiff alleges Defendant Wells told him he would not be able to get one of the trays, and Plaintiff told him he did not have a right "to talk to him like that" which resulted in a verbal altercation and pushing him ([34] at 15-16); and an incident where Plaintiff claims he was taking out the trash as part of his job at the facility, and Defendant Blanson yelled at Plaintiff to get back inside the pod ([34] at 22). However, the incidents described do not rise to the level of evoking "outrage or revulsion in civilized society" as required by the extremely high standard to bring a claim under intentional infliction of emotional distress in Mississippi. Therefore, Plaintiff's intentional infliction of emotional distress claim should be dismissed.

While wide latitude is generally given to *pro se* prisoner complaints in § 1983 actions, the circumstances in this case demonstrate that Plaintiff has "pleaded his best case." *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). Plaintiff was provided an opportunity to amend his complaint as well as given an opportunity to respond to Defendants' Motions [37] [40] requesting dismissal. Despite his supplemental pleadings and responses, Plaintiff has failed to state a claim upon which relief can be granted against these Defendants. Accordingly, this case should be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Motion to Dismiss, or in the Alternative, for a More Definite Statement [37] be GRANTED.

2. The Joinder in Motion to Dismiss, or in the Alternative, for More Definite Statement [40] be GRANTED.

3. The action be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 5th day of August, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
