IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

**LOUIS GONZALEZ**                                                                                **PLAINTIFF**

*also known as* **CARLOS RAMOS SANCHEZ**

**V.**                                                 **CIVIL ACTION NO. 5:20-CV-158-DCB-MTP**

**SHAWN R. GILLIS, et al.**                                                      **DEFENDANTS**

ORDER

This matter is before the Court on Louis Gonzalez's ("Plaintiff") Objections [ECF No. 50] to Magistrate Judge Michael T. Parker's Report and Recommendation ("R&R") [ECF No. 49]. The Court will consider the objections and finds as follows:

Plaintiff filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging the violation of his constitutional rights during his incarceration at Adams County Detention Center ("ACDC"). See [ECF No. 1]. Plaintiff amended his Complaint on January 11, 2021. See [ECF No. 34]. Plaintiff is an alien in the custody of ICE. [ECF No. 49] at 1; [ECF No. 34] at 2. On May 3, 2021, Plaintiff was transferred to the Etowah County Detention Center in Gadsden, Alabama. See [ECF No. 49].

When a party objects to a R&R, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

1

is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at *2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent assessment of the law." Lambert v. Denmark, No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting such a review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

### Injunctive Relief Claim

In his Objection to the R&R, Plaintiff disputes Judge Parker's finding that Plaintiff's request for injunctive relief is moot. [ECF No. 50] at 1. Plaintiff argues that while he is no longer located at the ACDC, his claim is not moot because the injunctive relief would benefit other Hispanic prisoners at the ACDC. Id. For a claim of injunctive relief to remain viable, Plaintiff must

establish a "demonstrated probability" or "reasonable expectation" that he will be transferred back to the ACDC. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); see also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (finding that "any suggestion for relief based on the possibility of transfer back . . . is too speculative to warrant relief.") There is nothing in the record that suggests that Plaintiff may be transferred back to the ACDC. Therefore, Plaintiff's objection with respect to injunctive relief is overruled.

## § 1983 Claim

Plaintiff further objects to the R&R regarding his § 1983 claim. [ECF No. 50] at 2. Plaintiff objects to Judge Parker's conclusion that a private management corporation may not be sued under § 1983. Id. Plaintiff specifically cites Doe v. United States, 831 F.3d 309 and Alvarez v. Geo Group, Inc., No. SA-09-CV-0299, 2010 WL 743752 (W.D. Tex. Mar. 1, 2010). [ECF No. 50] at 2. Plaintiff claims that he can sue the ACDC and its employees in their individual capacities. Id. The cases cited by Plaintiff permit a plaintiff to sue private corporations under a § 1983 claim if those private companies or their employees are working as state actors. See Doe, 831 F.3d at 314 (If the defendant "[is a] private actor[], the challenged 'conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State'. . ."). The court in Alverez, WL 743752 cites Corr. Sers. Corp. v.

3

Malesko, 534 U.S. 61 (2001). In Malesko, the defendant was confined at a facility run by a prison management company under contract with the federal government. Id. In Alvarez, however, the defendant in question confined federal prisoners under contract with a county of the State and not the federal government. 2010 WL 743752. ACDC is under contract to house prisoners and detainees with the federal government not the county. Therefore, Plaintiff's objection to the R&R with respect to his § 1983 claim is overruled.

## Bivens Claim

Plaintiff next objects to the R&R's conclusions concerning his Bivens claim. [ECF No. 50] at 6. Plaintiff contends that he has a valid Bivens claim because he is suing the guards at the ACDC, as opposed to the ACDC itself. [ECF No. 50] at 6. A Bivens claim is a lawsuit brought to redress a federal official's violation of a constitutional right. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The R&R found that Plaintiff had failed to state a valid Bivens claim because the Supreme Court has not recognized a cause of action under Bivens against employees of a privately owned prison. [ECF No. 49] at 5. Plaintiff's objection is merely an argument that Judge Parker failed to understand the nature of Plaintiff's claim, which is incorrect. [ECF No. 50] at 9. The R&R correctly concludes that Plaintiff has failed to state a claim under Bivens and Plaintiff's objections to this aspect of the R&R are overruled.

4

### Conspiracy Claim

Plaintiff claims that Magistrate Judge Parker failed to consider particular facts with regard to his conspiracy claim. [ECF No. 50] at 9-10. The R&R concluded that Plaintiff had failed to satisfy the pleading requirements of a race-based conspiracy. [ECF No. 49] at 7. Plaintiff provides no other particularized or specific objection to the R&R's conclusion, and instead merely repeats the factual circumstances that he argues support his claim for a race-based conspiracy. [ECF No. 50] at 10—11. The R&R correctly found Plaintiff's assertion with respect to an alleged conspiracy to be conclusory and devoid of evidentiary support. [ECF No. 49] at 9—10. Accordingly, Plaintiff's objection with respect to this portion of the R&R is overruled.

### Intentional Infliction of Emotional Distress Claim

Plaintiff claims that the R&R incorrectly concluded that Plaintiff failed to state a claim for intentional infliction of emotional distress. [ECF No. 50] at 12. After reviewing Plaintiff's amended Complaint, the R&R concluded that the facts alleged by Plaintiff were insufficient as a matter of law to state a claim for intentional infliction of emotional distress because they do not rise to the level of evoking "outrage or revulsion in civilized society." [ECF No. 49] at 9. Plaintiff's objection to the R&R's conclusions consists solely of restating facts and contains no specific or particularized objections to Magistrate Judge Parker's

5

R&R other than to argue the R&R was wrong. As such, Plaintiff's objections with respect to this aspect of the R&R are overruled.

As a final note, in his Objections to the R&R's conclusions regarding his § 1983 claim, Plaintiff accuses Magistrate Judge Parker of lying, "immorally" changing facts, and baselessly challenges the qualifications and capabilities of Magistrate Judge Parker. [ECF No. 50] at 4—5. This is a warning to Plaintiff that this behavior will not be tolerated, and further conduct of this nature may result in sanctions. See Stearman v. Comm'r, 436 F.3d 533 (5th Cir. 2006) (upholding sanctions for $12,500 on a pro se plaintiff for refusing to comply with a court's order and insulting the judge). Plaintiff has the right to challenge the conditions of his confinement under the laws of the United States. He does not, however, have the right to insult or malign its Courts while accessing them as a litigant.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Parker's Report and Recommendation [ECF No. 49] is ADOPTED as the findings and conclusions of this Court. This action is hereby DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's objections [ECF No.50] are OVERRULED.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 15th day of September, 2021.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE